PEOPLE *ex rel.* MEEKS *et al. v.* MAYOR, ETC., OF NEW YORK CITY.

(*Supreme Court, Special Term, New York County.*  May 28, 1888.)

MUNICIPAL CORPORATIONS—LICENSE TO ERECT BOOTHS ON STREET—ORDER TO COMPEL REVOCATION.

The common council of New York city issued a license under Laws N. Y. 1887, c. 418, providing that in its control of streets it shall have power "to grant permits for the erection of booths or stands within the stoop lines, the owner of the premises consenting thereto, for the sale of newspapers, periodicals or fruit only." *Held,* that an order directing it to revoke such license would not issue, though other articles than those enumerated were kept for sale.

At chambers.  On application for an order against the mayor, aldermen, and commonalty of New York city.

*E. G. Duvall,* for relators.  *H. R. Beekman,* for respondents.

LAWRENCE, J.  This is an application for an order directing the mayor, aldermen, and commonalty of the city of New York, through their properly constituted authorities, to take immediate steps to revoke and annul a resolution of the common council granting permission to one Mary Dunkely, in said petition named, to occupy the sidewalk in front of the premises, 24 Vesey street, in the city of New York, and also for an order directing the commissioner of public works and superintendent of incumbrances, and each of them, to remove, or cause to be removed, without delay, the stand and goods and other obstructions placed on such so-called stand in front of 24 Vesey street, and all other obstructions and incumbrances placed there, under the permission given, or assumed to be given, by such resolution, etc.  The resolution referred to in the petition is as follows: "Resolved, that permission be, and the same is hereby given to Mary Dunkely to place and keep a stand for the sale of newspapers, periodicals, and fruit on the sidewalk, within the stoop line, in front of No. 24 Vesey street, provided such stand shall not be an obstruction to the free use of the street by the public, nor exceed six feet long by two and one-half feet wide, such permission to continue only during the pleasure of the common council."

This resolution was passed by the aldermen on the 31st of January, and approved by the mayor on the 8th of February of this year.  Prior to the passage of the act (chapter 418, Laws 1887) it was well settled that the common council of the city of New York possessed no power or right to authorize the placing or continuing of any obstructions upon any street or sidewalk except the temporary occupation thereof during the erection or repair of a building on a lot opposite the same.  See *People* v. *Mayor, etc.,* 19 How. Pr. 297, where it was held that a resolution by the common council, declaring that licensed vendors should be permitted to occupy Forty-Second street, west of Eighth avenue, and within 325 feet of that avenue, Saturday nights from 6 to 12 o'clock, was illegal and invalid.  In that case Justice DANIELS stated at length the provisions of law then existing, and nothing can be added to what he said upon that point.  By chapter 418 of the Laws of 1887 it is, however, provided that subdivision 3 of section 86 of the consolidation act, defining the powers of the common council, should be amended so as to read as follows: "Sec. 3.  To regulate the use of sidewalks, and prevent the extension of building fronts and house fronts within the stoop lines; to grant permits for the erection of booths or stands within stoop lines, the owner or owners of said premises consenting thereto, for the sale of newspapers, periodicals, or fruit only."

In this case the occupant of the stand has obtained the consent of the owner of the premises in front of which the stand is situated.  It also appears that the said stand is within the stoop lines.  It is clear, therefore, that the resolution in question was entirely within the power of the common council, under the act of 1887.  It is contended, however, on the part of the petitioners

that the stand is used, not for the sale of newspapers, periodicals and fruit only, but for all sorts of second-hand articles, which are described quite fully in the affidavits. The affidavits read on the part of the corporation and its officers in reply show that in addition to the articles mentioned in the moving papers, lemons, oranges, apples, bananas, and books, and periodicals and daily newspapers are sold. An attempt is made to show by the petitioners that the newspapers and fruit constitute a very small portion of the articles which are sold by the occupant of the stand; but, it being conceded by both sides that such articles are on the stand for sale, I fail to see how a writ of *mandamus* can be issued directing the removal of the stand, the power being vested in the common council, under the amendatory act aforesaid, to grant permission for the placing of said stand opposite the premises in question, and the consent of the owner of the property in front of which it is placed having been obtained therefor. Nor can I see in any event, any authority for issuing a *mandamus* to the members of the common council to absolutely revoke a resolution which they were legally competent to pass. These views dispose of the application for a peremptory writ of *mandamus*. If the occupant of the stand is using it for purposes not permitted by law, it is possible that the owners of the adjoining premises if they suffer any special damage or inconvenience therefrom, may be entitled to an injunction to restrain her from an illegal use thereof. But in so far as the stand is used for legal purposes, it cannot be regarded either as a nuisance or an unlawful obstruction of the street. The motion for a peremptory *mandamus* will therefore be denied, with costs, and the order to be entered on this decision will be settled on notice.